UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONY ANTONIO ORTEGA NUNEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondents.

No. 1:26-cv-04582 TLN AC

FINDINGS & RECOMMENDATIONS

Petitioner Rony Antonio Ortega Nunez (A# 241-013-650), an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Liberally construed, the petition argues that petitioner's current detention violates his due process rights under the Fifth Amendment and relevant immigration statutes. Id. Respondents have filed a motion to dismiss, arguing that the petition should be dismissed as an abuse of the writ. ECF No. 7. For the reasons explained below, the undersigned recommends that the motion (ECF No. 7) be GRANTED.

I. Brief Factual and Procedural Background

Petitioner, a native of Venezuela, came to the United States seeking asylum in March

2023.[1] He was served with a Notice to Appear for removal proceedings and filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. He was released by DHS while his immigration proceedings were pending. On February 2, 2026, petitioner was detained by ICE while leaving a courthouse following proceedings related to domestic issues. He is currently incarcerated at the California City Immigration Processing Center.

Petitioner's various claims for relief from removal were denied, and he was ordered removed to Ecuador by an Immigration Judge ("IJ") on March 20, 2026. ECF No. 1-1 (Removal Order). Although petitioner timely appealed to the Board of Immigration Appeals ("BIA") (ECF No. 1-2), the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage reflects that petitioner's case appeal was recently dismissed on September 9, 2026.[2]

On March 27, 2026, petitioner filed a federal habeas petition in this court with the assistance of counsel. Nunez v. Chestnut, Case No. 1:26-cv-02398 KES EPG. In that case, petitioner challenged his prolonged detention and the revocation of his release on federal due process and statutory grounds. Id. (ECF No. 1 at 12-27). By Order dated April 3, 2026, the Honorable Kirk E. Sheriff granted the petition on federal due process grounds and ordered respondents to provide petitioner with a bond hearing within fourteen days. Id. (ECF No. 8 at 2-3). A bond hearing was conducted on April 5, 2026, and petitioner was denied bond based on the IJ's finding that he was a danger to the community and a flight risk. Id. (ECF No. 10 at 1-2). Petitioner subsequently filed a motion to enforce the judgment, which the parties have now fully briefed, including by providing a digital audio recording of the bond hearing for the court's review. Id. (ECF Nos. 11-15). In short, although petitioner was recently granted federal habeas

---

[1] Respondents provided sparse records of petitioner's past immigration encounters, including no Form I-213s. However, more robust records were included in petitioner's earlier-filed habeas case, Nunez v. Chestnut, 1:26-cv-02398-KES-EPG.

[2] The court takes judicial notice of the information provided on the EOIR webpage, available at https://acis.eoir.justice.gov/en/ (last visited September 21, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

relief on his claim that his current detention violates his federal due process rights, the parties are still litigating – and the court has yet to determine – whether the court's order and judgment were properly effectuated by respondents at petitioner's April 2026 bond hearing.

Petitioner, proceeding pro se, filed the instant habeas petition on June 15, 2026. ECF No. 1. The Honorable Troy L. Nunley referred this case to the undersigned on June 17, 2026 (ECF No. 5), and the court directed respondents to provide a response and substantively address whether there are any factual or legal issues that materially distinguish this case from several of the court's prior orders. ECF No. 6.

Respondents' motion to dismiss contends that petitioner's due process claim has been resolved in his first-filed case, and that the instant petition is therefore barred by the abuse of the writ doctrine because the present claims could have been asserted in the prior petition. ECF No. 7 at 2. Respondents contend that dismissal is appropriate because "[p]etitioner argues in the present petition the same issues that were conclusively decided (or could have been conclusively decided) in the prior petition, for which there was issued a final judgment on the merits." Id. at 3. Alternatively, respondents argue the petition must be dismissed for failure to exhaust because petitioner's appeal of the IJ's bond denial was (at the time) still pending a decision at the BIA. Id. at 4.[3] Although petitioner has filed supportive letters from close friends endorsing his character, he did not file a reply brief directly addressing respondents' legal arguments. ECF No. 8.

II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.

[3] Although this was true at the time respondents filed their motion, it appears the BIA dismissed petitioner's appeal on September 9, 2026. The court therefore finds that dismissal based on failure to exhaust administrative remedies is not appropriate.

Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

III. Discussion

As set forth above, respondents contend that the current habeas petition should be dismissed as an "abuse of the writ" because the factual predicate for petitioner's current federal due process claims were – or should have been – included in Nunez v. Chestnut, Case No. 1:26-cv-02398 KES EPG. ECF No. 7 at 3. The undersigned agrees.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Petrocelli v. Angelone, 248 F.3d 877, 884 (9th Cir. 2001) (quoting Calderon v. United States District Court, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). When considering the abuse of the writ doctrine in a section 2241 proceeding, AEDPA's second or successive provisions do not directly govern,[4] but they do "inform [judicial] consideration." Calderon v. Thompson, 523 U.S. 538, 558 (1998). The Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention under § 2241. See Barapind v. Reno, 225 F.3d 1110, 1111-1112 (9th Cir. 2000) (finding AEDPA's prohibition on second or successive petitions inapplicable to petition challenging immigration detention, but applying pre-AEDPA abuse of writ standards). Under the abuse of the writ doctrine, a section 2241 petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim. Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011).

In McClesky v. Zant, a pre-AEDPA case involving a section 2254 petition, the Supreme Court examined the scope and procedure of the common law abuse of the writ doctrine.[5] When a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ by noting, with clarity and particularly, petitioner's prior writ history,

---

[4] See 28 U.S.C. § 2244(a), (b).

[5] Enactment of the AEDPA did not abrogate application of the precedent for abuse of the writ. Felker v. Turpin, 518 U.S. 61, 664 (1996).

identifying the claims that appear for the first time, and alleging that petitioner has abused the writ. 499 U.S. 467, 494-95 (1991). The burden to disprove abuse then shifts to petitioner. Id. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. Id.

Here, the court agrees with respondents that the instant petition should be dismissed. First, petitioner "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." MHC Fin. Ltd. Partnership v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013). The circumstances surrounding petitioner's current detention, and whether petitioner's federal due process rights were violated, have already been litigated and resolved in his favor in his first-filed habeas action, Nunez v. Chestnut, 1:26-cv-02398 KES EPG. Any additional arguments petitioner may have relating to the circumstances of his initial detention should therefore have been raised in his earlier petition. To the extent petitioner may be attempting to raise new arguments relating to the subsequent denial of bond in April 2026 because the factual predicate for such arguments did not exist when he initiated his first habeas action, such arguments should have been timely included in petitioner's motion to enforce judgment currently pending in Nunez v. Chestnut, 1:26-cv-02398 KES EPG. The undersigned will therefore recommend that this action be dismissed as duplicative, without prejudice to petitioner seeking leave of court to file an amended motion to enforce judgment, if appropriate, in Nunez v. Chestnut, 1:26-cv-02398 KES EPG.

Second, the court finds in the alternative that the petition may be dismissed as an abuse of the writ. Here the government met its initial burden of pleading an abuse of the writ under McClesky, and petitioner did not file a reply brief showing cause for failing to include new claims in his earlier action, or why failure to entertain this pro se petition would result in a fundamental miscarriage of justice. No such miscarriage of justice is apparent. To the contrary, the legal sufficiency of petitioner's April 2026 bond hearing will soon be considered in Nunez v. Chestnut, 1:26-cv-02398 KES EPG, which should resolve any new arguments petitioner is attempting to raise. The undersigned therefore does not find that a fundamental miscarriage of justice will

result from dismissal of the instant petition.

For both these reasons, this second habeas petition attacking the same detention should be dismissed.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 7) be GRANTED;
2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED as duplicative and/or an abuse of the writ, without prejudice to seeking leave of court to file an amended motion to enforce judgment in Nunez v. Chestnut, 1:26-cv-02398 KES EPG; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE